**UNITED STATES**

v.

**ONE 1952 MODEL FORD SEDAN AUTOMOBILE et al.**

No. 14898.

United States Court of Appeals, Fifth Circuit.

May 31, 1954.

William O. Braecklein, Asst. U. S. Atty., Dallas, Tex., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellant.

Costine A. Droby and James J. Mc-Nees, Jr., Dallas, Tex., for appellees.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and WRIGHT, District Judge.

HUTCHESON, Chief Judge.

Alleging that the automobile had been seized while it was being unlawfully used in concealing and possessing a contraband article, to wit 355 grams of bulk marihuana, in violation of the laws of the United States, and that under Section 782 of Title 49 U.S.C.A., it had become forfeit, the United States filed libel of information against a 1952 model Ford Sedan, seeking its forfeiture.

Billy Joe Helton, the record owner of the car, and the Greenville Avenue State Bank appeared to defend against the forfeiture, Helton on the ground that he did not, nor did he give anyone permission to, illegally use the automobile as charged, the bank on the ground that it was a good faith lienor to the extent of $1581.55 still due on its mortgage, an amount equal to or in excess of the value of the car, that it had applied to the Secretary of the Treasury for, and had been denied remission or mitigation of forfeiture, and that the enforcement of the invoked statutes against its lien was in violation of the rights of intervenor guaranteed by the Constitution of the United States in that it deprived it of its property without just compensation.

Helton filed a motion to suppress the evidence on the ground that the marihuana was seized from his car as the result of an unlawful search of it by police officers of the City of Dallas, who purported to seize it under an invalid search warrant.

The case coming on for trial, there was evidence consisting of testimony of the police officers to the finding of the marihuana in a tobacco can hidden under the dash in Helton's locked car, which they opened with keys furnished by Helton, and that the search was made under a search warrant; of Helton that he had not been convicted in this case or any other of handling marihuana, that he had not used the automobile for making sales from it, and that the car was not locked, though he admitted that he gave the officers the key to it; and of the officers of the bank that they had, without making any inquiry to determine Helton's criminal record nor any other except to determine his credit record, made the loan.

The trial concluded, the district judge, giving his reasons therefor,[1] gave judg-

---

[1]. The Court: "I don't think the bank here had any legal, compelling reason why it should have asked the Chief of Police of Dallas, or the United States Marshal of Dallas about Billy Joe. He had dealt with them before and was a prompt payer of his bills, and, I do not think that it was brought within the rule which would justify a forfeiture of this bank's security by reason of the mere finding in the car of that which was illegal to be there.

ment, denying the libel of information, finding that the automobile had a value of $1500, which was less than the lien of the bank, and directing that the car be liberated and turned over to the owner, Billy Joe Helton, and the Greenville Avenue State Bank, intervenor, upon the payment of the accrued storage charges.

The United States is here insisting that, while the order recited that the forfeiture was denied, the judgment, as shown by the reasons given for its entry, as set out in note 1, supra, was in fact and in law an award of forfeiture with remission of it in favor of the bank whose claim exceeded the value of the car. So insisting, it urges upon us that "the sole question involved in this appeal is whether or not the United States Court had jurisdiction to remit a forfeiture of an automobile for violation of the internal revenue laws relating to narcotics."

Helton, having no interest in the further proceedings, has made no appearance.

The bank, denying that the purport and effect of the judgment was to forfeit the car and remit the forfeiture in favor of the lien of the bank, and that the question presented on this appeal is the question of the power of the district judge so to do, insists that the judgment was a denial of the forfeiture and that two questions are presented for decision: the first, does the United States have the right to forfeit property of innocent persons without just compensation therefor, in violation of the Fifth Amendment to the Federal Constitution; the second, whether the proof was insufficient to show a violation of the law and justify forfeiture of the car.

■ In its argument on the first point, appellee cites no cases in support of its position and concedes that the only authorities it can find are to the contrary. We will, therefore, without gathering

or citing some of the many authorities which conclusively show the law to be the contrary of the bank's contention, simply say of it that the contention is wholly without merit.

Upon its second point, that the judgment was not, as contended by appellant, a judgment forfeiting and remitting but one denying altogether the forfeiture sought, and that there was no evidence that the defendant Helton was concealing or possessing or selling any narcotics, the bank points to the testimony of Helton that he did not know anything about the marihuana in his car, and that he never made any sales out of the car. So pointing, it urges upon us that any unlawful use by anyone else of the car could not cause a forfeiture and, therefore, there is absolutely no proof of any kind whatsoever to sustain the allegations of the libel.

The bank also insists that the motion to suppress was good and it must be presumed in favor of the judgment that it was sustained.

■ We cannot agree with these views. We think it was made abundantly clear by the district judge's grounds for judgment that he did not sustain the motion to suppress and that he did not find or intend to find that the government had not made out its case for forfeiture. The whole tenor, indeed the precise language, of the court's findings expressly rebut such a conclusion. Stating, "I do not think, * * * would justify a forfeiture of this bank's security by reason of the mere finding in the car of that which was illegal to be there. If Billy Joe were seeking the car, that would be a different matter, but the interpleader here is the bank that loaned on the car. And the car will be liberated upon payment of any storage charges to and for the benefit of, the Greenville Avenue State Bank", the findings concluded with,

"If Billy Joe were seeking the car, that would be a different matter, but the interpleader here is the bank that loaned on the car.

"And, the car will be liberated upon

payment of any storage charges to, and for the benefit of, the Greenville Avenue State Bank.

"Let me have an order to that effect, Gentlemen."

"Let me have an order to that effect, Gentlemen".

█ Since it is established law that appellees' only remedy is to petition the Secretary of the Treasury,[2] the judgment is Reversed and the cause is Remanded with directions to enter judgment against the bank for $1500, the reasonable market value of the car when the bank took possession of it.

---

2.  Section 1618, Title 19 U.S.C.A.; General Finance Co. of Louisiana v. U. S., 5 Cir., 45 F.2d 380; U. S. v. Gramling, 5 Cir., 180 F.2d 498; U. S. v. Kemp, 10 Cir., 186 F.2d 808.