**GENERAL FINANCE CORPORATION OF FLORIDA SOUTH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20841.**

United States Court of Appeals
Fifth Circuit.

June 1, 1964.

Rehearing Denied Aug. 7, 1964.

A. John Alberti, Miami, Fla., for appellant.

Donald E. Stone, Asst. U. S. Atty., Edward A. Kaufman, Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before MAGRUDER,* JONES and GEWIN, Circuit Judges.

MAGRUDER, Circuit Judge:

This proceeding began as a libel, filed in the court below, asking for forfeiture of a certain Cadillac car alleged to have been used to transport contraband articles, namely, marihuana, in violation of 49 U.S.C. § 781.   General Finance Cor-

* Senior Circuit Judge of the First Circuit, sitting by designation pursuant to Section 294(d), Title 28 U.S.Code.

**682**

poration of Florida South, the holder of a security interest in the car, intervened, and filed a petition for remission or mitigation of the forfeiture which was denied. Pursuant to a jury verdict, the district court entered its "final judgment" condemning the aforesaid car and declaring that it was forfeited to the United States. The intervenor appealed from this final judgment.

We think it clear that a "contraband article," as used in 49 U.S.C. § 781, includes the drug known as marihuana in view of the definition in subsection (d) of § 787 to the effect that the term "narcotic drug," when used in Chapter 49, "means any narcotic drug * * * or marihuana." Therefore, it is important to find that marihuana was transported in the car. We are entirely convinced that there was sufficient evidence to sustain the jury's affirmative answer to interrogatories submitted by the court that Sebastian, just prior to the arrival of the police to the car, threw out a package which was later identified by the police chemist as containing marihuana.

The main contention made by the appellant is that no forfeiture is presented where the defendant possessed the car criminally by violation of the law of Florida. The bill of sale, or retail installment contract, which was assigned to the General Finance Corporation of Florida South, was signed "William Sebastian." Assuming that the Florida law applies to this situation, it seems to us obvious that there was no "false personation"—William Sebastian Bermudas was also known as William Sebastian. It is no matter that General Finance Corporation originally was ignorant of the fact that William Sebastian was the same person as William Sebastian Bermudas. We hold that no fraud was committed, under § 319.33 and § 817.02 of the Florida statutes, F.S.A.

Nor does it matter that the intervenor was innocent. United States v. One 1957 Oldsmobile Automobile, Motor No. A227445, and General Motors Ac-

ceptance Corp., Intervenor, 256 F.2d 931 (C.A.5th, 1958).

Also it is well established that only an owner is entitled to set up a lack of forfeiture and to claim a remission or mitigation of the penalty. A mere security-holder, like the present one, must apply for remission of the penalty to the Secretary of the Treasury. United States v. One 1952 Model Ford Sedan Automobile, 213 F.2d 252 (C.A.5th, 1954), cert. denied sub nom. Greenville Avenue State Bank v. United States, 348 U.S. 862, 75 S.Ct. 87, 99 L.Ed. 680 (1954).

A judgment will be entered affirming the judgment of the District Court.