**UNITED STATES of America**
v.
**ONE BALLY GOLDEN GATE PINBALL MACHINE, Serial Numbers A–2468 and C36755860.**

Misc. No. 758.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Jan. 20, 1966.

Louis C. LaCour, U. S. Atty., Frederick W. Veters, Asst. U. S. Atty., Eastern Dist. of Louisiana, New Orleans, La., for United States.

Irwin R. Sanders, New Orleans, La., for intervenor, Redisco, Inc.

WEST, District Judge:

Libelant, United States of America, brings this libel of information seeking the forfeiture of respondent Pinball Machine under the provisions of Title 26, U.S.C.A., Sections 4461, 4462(a)(2), 4901, and 7302. Intervenor, Redisco, Inc., filed bond as required by Title 26, U.S.C.A., Section 7325, and then intervened in this suit, alleging that it is the holder in due course, for value, of a valid chattel mortgage and promissory note in the amount of $1,422.90, covering the respondent Pinball Machine, and that it is entitled, as an innocent lien holder, to have its lien recognized and to have the seized Pinball Machine released from seizure and delivered to it in recognition of its lien thereon. After pre-trial conference a stipulation of fact was filed and the matter submitted on the record and on briefs filed by counsel. Now, after due consideration hereof, the Court is of the opinion that the libelant, United States, is entitled to a decree of forfeiture herein and that this Court is without jurisdiction to enter any order whatsoever in intervenor's favor pertaining to remission or mitigation of the forfeiture.

### FINDINGS OF FACT

1. On January 10, 1964, special agents of the Internal Revenue Service seized one Bally Golden Gate Pinball Machine, Serial Numbers A–2468 and C36755860, respondent herein, while said machine was on the premises known as Betty's Bar, 3205 Plank Road, Baton Rouge, Louisiana, and after seizure stored it at Herrin Transfer and Warehouse Co., Inc., 4821 Laurel Street, Baton Rouge, Louisiana.

2. The value of the machine was less than $2,500 at the time of seizure, and notice of the seizure was first published in accordance with 26 U.S.C.A. 7325(2) on March 10, 1964.

3. On April 9, 1964, intervenor, Redisco, asserted its interest in the seized machine and, pursuant to 26 U.S.C.A. 7325(3), after posting the required bond, invoked the jurisdiction of this Court.

4. The respondent Pinball Machine was and is a coin operated gaming device as contemplated by 26 U.S.C.A. 4462, and it was being so used on the premises of Betty's Bar before and at the time of its seizure.

5. That despite the fact that respondent Machine was subject to the special tax thereon provided for by 26 U.S.C.A. 4461, no such tax had been paid prior to the commencement of its use as a gaming device by the operator of Betty's Bar as required by 26 U.S.C.A. 4901, nor had any such tax been paid on respondent Machine at the time of its seizure on January 10, 1964.

6. That intervenor, Redisco, Inc., is the holder of an apparently valid mortgage covering the respondent Machine, and that Redisco had no knowledge of the fact that the required tax had not been paid. Furthermore, it is entirely possible that Redisco actually had no knowledge as to whether or not the Machine was in use prior to its seizure.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction over this matter. 26 U.S.C.A. 7323, 7325; 28 U.S.C.A. 1395.

2. The respondent Machine, being a gaming device as contemplated by 26 U.S.C.A. 4462, and having been put to use as a gaming device prior to the payment of the required tax thereon, was, on January 10, 1964, subject to seizure and forfeiture and it must now, in accordance with law, be declared and adjudged forfeited to the United States of America. 26 U.S.C.A. 7302.

3. Even though intervenor, Redisco, may be a holder in due course of a valid note and mortgage covering the respondent Machine, and even though intervenor may be completely innocent of any wrongdoing insofar as non-payment of the required tax on the respondent Machine is concerned, nevertheless, this Court has no jurisdiction to remit or

mitigate the forfeiture. The power of remission or mitigation of forfeiture rests entirely within the discretion of the Secretary of the Treasury or his delegate and not with the Court. 26 U.S.C.A. 7327; United States v. One 1952 Model Ford Sedan Automobile, 213 F.2d 252 (CA5–1954); United States v. Five (5) Coin-Operated Gaming Devices and $257.20 in Coin, D.C., 246 F.Supp. 349 (1965); United States v. Bride, and United States v. DeFalco, 308 F.2d 470 (CA9–1962).

Judgment will be rendered accordingly.