UNITED STATES of America,
Plaintiff-Appellant,

v.

Julian SARMIENTO and Florentino
Suarez, Defendants-Appellees.

No. 84–5305
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 21, 1985.

David A. Doheny, Linda Collins-Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellant.

Frank A. Rubino, Coconut Grove, Fla., for defendants-appellees.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

The sole issue in this case is whether United States customs officers had authority to board a vessel on the high seas, seize marijuana found aboard, arrest the occupants of the vessel, and prosecute the occupants. The occupants, the appellees, were charged with possessing marijuana with the intent to distribute, conspiracy to possess marijuana with the intent to distribute, and assault on a federal officer.

■ The government brings this appeal because the district court dismissed the indictment holding that an agency regulation could not expand the limited statutory authority granted to customs. Search and board statutory authority for officers of customs, 19 U.S.C. § 1581(a), in pertinent part, provides: "At any time go on board of any vessel ... at any place ... within the customs waters or, as he may be authorized ... *at any other authorized place*, without as well as within his district, and examine the manifest and other documents and papers ...." (Emphasis added.)

Title 19 U.S.C. § 1401(j) defines customs waters as "the waters within four leagues of the coast of the United States." The government's argument that the boarding and search were authorized proceeds along two lines. First, the government argues that the very language of the statute in referring to "at any other authorized place" refers to the high seas because the other place where a vessel could be located (within the customs waters) is included within the language of the statute. Second, the government argues that the regulation authorizes such a boarding and search, as anticipated by and stated in the statute.

We agree with the district court that the plain language of the statute prohibits customs officers from boarding and searching vessels on the high seas.

To accept the government's interpretation of the statute would make customs and coast guard jurisdiction almost concur-

rent, and would do violence to the coast guard's authority contained in 14 U.S.C. § 89(a) (1956).

The decisions arising in this circuit have long pointed out the distinction between coast guard and customs jurisdiction. In *United States v. Ceballos*, 706 F.2d 1198, 1199–1200 (11th Cir.1983), we stated: "The two government agencies possess substantially different authority to stop and board vessels on the high seas. The Coast Guard may stop and board American vessels on the high seas to check for safety, documentation, and obvious customs and narcotic violations.... On the other hand, the jurisdiction of the Customs Service does not generally extend to the high seas. It is usually limited to customs waters, which extend approximately twelve miles off the United States coast." *See also: U.S. v. Williams*, 617 F.2d 1063, 1073 (5th Cir. 1980) (en banc): "[s]ection 1581(a) empowers both the Customs Service and the Coast Guard to board vessels and conduct customs searches, but only in customs waters—within the twelve-mile limit."

The government's argument regarding the regulation is equally without merit. A regulation, promulgated by an agency, cannot control the interpretation of a statute. Although we may give deference to an agency's construction of a statute, it is the court, and not the agency, that has ultimate responsibility to construe Congress's language. *Frank Diehl Farms v. Secretary of Labor*, 696 F.2d 1325 (11th Cir.1983).

Accordingly, the district court is affirmed.