**UNITED STATES of America, Plaintiff,**

v.

**ALL THAT TRACT AND PARCEL OF LAND: 2306 NORTH EIFFEL COURT, Defendant.**

Civ. A. C84–456A.

United States District Court, N.D. Georgia, Atlanta Division.

Feb. 8, 1985.

Barbara V. Tinsley, Asst. U.S. Atty., Atlanta, Ga., for plaintiff.

Ralph Spain, Travis & Davidson, Atlanta, Ga., for Rowland Lamar Allen and Beulah Allen Powell.

Thomas E. Prior, McCalla, Raymer, Padrick, Cobb & Nichols, Atlanta, Ga., for Goldome Realty Credit Corp. and Union Nat. Bank of Little Rock.

Michael J. Egan, William R. Asbell, Jr., R. Michael Robinson, Sutherland, Asbill & Brennan, Atlanta, Ga., for Rowland Allen Mid-Town Contractors & Property Pickup.

### ORDER

ROBERT H. HALL, District Judge.

This is a forfeiture action pursuant to the Drug Abuse Prevention Act, 21 U.S.C. § 801 *et seq.*, in which plaintiff ("the Government") is seeking to have the defendant property condemned and forfeited on the theory that the property was purchased with proceeds allegedly traceable to an exchange for a controlled substance in violation of the federal drug laws. *See* 21 U.S.C. § 881(a)(6). Jurisdiction exists pursuant to 28 U.S.C. §§ 1345 and 1355.

Presently pending is the Government's motion for default judgment.

BACKGROUND

A. *Commencement of forfeiture action*

The Government initiated this action on March 9, 1984, one day following the sei-

zure of the defendant property by agents of the Drug Enforcement Administration, United States Department of Justice. The seizure was pursuant to a federal indictment returned on March 6, 1984.[1]

All persons known to the Government to have a possible property interest in the defendant property were given personal service of this action on or before April 6, 1984. To notify those who had a possible property interest but were unknown to the Government, the Government posted a notice in the United States Courthouse in Atlanta, Georgia, on March 20, 1984, and published a notice in a newspaper of general circulation in DeKalb County, Georgia, on March 22, 1984. (*See* Tinsley Verification, motion for default judgment).

## B. *Noncomplying claimants*

Pleadings styled "Claim and Answer" were filed March 27, 1984, by Rowland Lamar Allen and Beulah Allen Powell. The court ultimately granted the Government's motion to strike the Answers of these claimants finding that the claimants had failed to establish their right to defend this action by the timely filing of verified Claims as defined by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. (*See* Orders of October 1, 1984, November 9, 1984, and November 15, 1984).

## C. *Lienholder claimant*

On May 29, 1984, Goldome Realty Credit Corporation ("Goldome Realty") filed a timely, verified Claim asserting a lienholder interest in the defendant property. The Claim was followed by a timely Answer

(filed August 9, 1984) to the Government's forfeiture Complaint which proclaimed Goldome Realty's lack of knowledge of or consent to the act or omission leading to this forfeiture action and denied that Goldome Realty's interest in the defendant property was acquired with proceeds traceable to an illegal drug exchange.[2]

Goldome Realty's interest in the defendant property derives from a first lien security deed to the property acquired by Goldome Realty prior to the equitable interest in the property being purchased with proceeds allegedly traceable to an illegal drug transaction.[3] The security deed secures the payment of a debt in the principal amount of $32,200.00 bearing interest at 8.5% per annum. Payment on the loan has apparently been made through March of 1984.[4]

In addition to filing a Claim to the defendant property and an Answer to the Complaint, Goldome Realty also filed a Petition for Remission with the Attorney General of the United States. *See* 21 U.S.C. § 881(d) (incorporating the remission provision of the customs forfeiture law, 19 U.S.C. § 1618). Goldome Realty now contends this petition was filed "out of an abundance of caution [and] was not intended as a waiver of [its] right to dispute the Government's right to forfeiture of Goldome [Realty's] security deed interest in the property." (Response of Goldome Realty in opposition to motion for default judgment, pp. 3–4).

The Government has promised Goldome Realty remission equal to its "net equity" in the defendant property if this court condemns and forfeits the property to the

---

1. For the related criminal prosecution, *see United States v. Rowland Lamar Allen, et al*, No. CR84–66–A (N.D.Ga.).

2. The Government does not dispute Goldome Realty's assertion that its Claim and Answer were timely.

3. The security deed, dated October 24, 1977, was originally executed by Scott Hudgens Mortgage, Inc., as grantee, and Randy R. Wimes, as grantor. (Wimes owned the defendant property at that time.) The security deed was subsequently transferred to New York Bank for Savings, which then merged with Goldome Realty. The interest in the property formerly held by Wimes was then acquired by Property Pick-Up, Inc.; it is this purchase which the Government claims was made with proceeds traceable to an illegal drug exchange.

4. While Goldome Realty is the owner and holder of the Security deed to the defendant property, the underlying loan is serviced for Goldome Realty by Union National Bank of Little Rock.

Government, "net equity" being defined by the Government as the unpaid principal due Goldome Realty plus interest up to the date remission was granted. *See* 28 C.F.R. Parts 9.7(c) and 9.2(d).[5] (The remission is to be paid from the proceeds of the sale of the defendant property if the court condemns and forfeits the property to the Government.)

### D. *Notice of appeal*

The Government filed the pending motion for default judgment on October 31, 1984. On November 30, 1984, claimant Beulah Allen Powell, a claimant whose Answer was stricken, filed a notice of appeal mistakenly thinking that the court had granted the Government's motion for default judgment on November 15, 1984, and that default judgment had been entered by the Clerk on November 27, 1984.[6]

## DISCUSSION

### A. *Jurisdiction as affected by the notice of appeal*

The Government contends that this court lacks jurisdiction to decide the pending motion for default judgment because a notice of appeal has been filed. (*See* supplemental brief of plaintiff filed January 25, 1985).

The court rejects this position. The notice of appeal filed in this case does not divest this court of its jurisdiction as the appeal is taken from nonappealable orders. There has been no "final decision" nor has this court granted permission to file an interlocutory appeal, thus the notice of appeal does not transfer jurisdiction over this case to the court of appeals, 28 U.S.C. §§ 1291 and 1292(b); jurisdiction necessarily remains in this court. *See United States v. Hitchmon*, 602 F.2d 689 (5th Cir. 1979) (en banc) ("the notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal of the appeal...."). *See also McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir.1981).

### B. *Motion for default judgment*

With its motion for default judgment, the Government seeks a default judgment against the defendant property "as to all persons who could claim any ownership interest in the property." The Government asserts that it is entitled to default judgment because no party with standing to contest the Government's forfeiture has filed a timely Claim and Answer. In the interest of clarity, the court will treat this argument as it respects the "noncomplying claimants" and the "lienholder claimant" separately.

---

5. The Regulations "designed to reflect the intent of Congress relative to the remission or mitigation of forfeiture of certain property as set out in [19 U.S.C. § 1618]....", 28 C.F.R. Part 9, provide, in pertinent part, as follows:

In th[e] event [that a lienholder elects to permit the forfeiture action to proceed to judgment], the court shall be advised that the [Attorney General] has allowed the petition for remission of the forfeiture and shall be requested to order the property sold by the U.S. Marshal at public sale and the proceeds thereof to be distributed as follows:

(1) *Payment to the petitioner [the lienholder] of an amount equal to his net equity* if the proceeds are sufficient or the net proceeds otherwise, after deducting from the petitioner's interest an amount equal to the Government's costs and expenses incident to the seizure, forfeiture and sale....

28 C.F.R. Part 9.7(c) (Emphasis added). "Net equity" is defined in the Regulations as "the actual interest a petitioner has in the property seized for forfeiture at the time a petition for remission or mitigation of forfeiture is granted [making no allowances for unearned interest]." 28 C.F.R. Part 9.2(d).

The Government interprets the Regulations to mean that a lienholder such as Goldome Realty is only entitled upon forfeiture of the secured property to its unpaid principal and interest up to the time the petition for remission was granted.

6. Claimant Powell's confusion is somewhat understandable considering that the Government's motions for default judgment in related forfeiture actions (see Civil Action Nos. C84–448A; C84–450A through 455A; C84–458A through 460A; C84–462A; C84–466A; C84–469A; C84–528A; C84–529A; C84–1047A through 1049A) were granted on November 15, 1984, and default judgments entered in those cases on November 27, 1984.

### 1. *Lienholder Claimant*

The motion for default judgment as it concerns Goldome Realty is not easily disposed of.

Goldome Realty opposes the motion for default judgment to the extent it pertains to its interest in the defendant property, arguing that it has *not* defaulted its interest in the property, having filed a timely Claim to the defendant property as well as an Answer asserting a nonforfeitable interest in the property. Goldome Realty does not oppose the granting of a default judgment as to the *equitable* interest in the defendant property which may have been purchased with proceeds traceable to an illegal drug transaction and for which no timely Claim was filed, but strenuously opposes the entry of a default judgment as to its lienholder interest in the defendant property.

The Government's response to Goldome Realty's argument is that the Claim and Answer filed by Goldome Realty are immaterial because a lienholder such as Goldome Realty has no standing to challenge a forfeiture.[7] "A mere security holder," argues the Government, "must apply for remission of the forfeiture penalty with the Attorney General .... [and t]he Attorney General's discretion in these matters is not subject to judicial review...." (Memorandum in support of motion for default judgment, pp. 2–3).

The Government cites *General Finance Corp. of Florida South v. United States,* 333 F.2d 681 (5th Cir.1964), for its position that a lienholder has no standing to contest a forfeiture and is restricted to the remission process for relief. In that case, a forfeiture action under 49 U.S.C. § 782 (authorizing seizure and forfeiture of carriers transporting contraband articles), the holder of a security interest in the seized property (a car) intervened and filed a petition for remission. Remission was denied and the court ordered the property forfeited to the United States. The former Fifth Circuit, in affirming the trial court's judgment condemning the seized property and declaring it forfeited to the United States, stated:

> [I]t is well established that only an owner is entitled to set up a lack of forfeiture and to claim a remission or mitigation of that penalty. *A mere security-holder,* like the present one, *must apply for remission of the penalty to the Secretary of the Treasury [now to the Attorney General]....*

*Id.* at 682 (emphasis added).[8]

While not recognizing a right to intervene for Goldome Realty, the Government does urge the court to recognize the inter-

---

**7.** Whether or not Goldome Realty's Claim and Answer preclude the entry of default judgment in this forfeiture action turns on whether a lienholder such as Goldome Realty has standing to intervene and defend a forfeiture action. "[A] party seeking to challenge a forfeiture of money or property used in violation of federal law ... must first demonstrate an interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture." *United States v. $364,960.00 in United States Currency,* 661 F.2d 319, 326 (5th Cir.1981) (Unit B). *See also United States v. Currency Totalling $48,-318.08,* 609 F.2d 210 (5th Cir.1980).

**8.** The principle that a claimant must own the seized property in order to challenge a forfeiture has been repeated by other courts. *See, e.g., United States v. One 1945 Douglas C–54 (DC–4) Aircraft,* 604 F.2d 27, 28 (8th Cir.1979) ("It is the owner or owners of the res who have standing to challenge a forfeiture.... Broadly speaking, ownership may be defined as having a possessory interest in the res, with its attendant characteristics of dominion and control."), *on appeal after remand,* 647 F.2d 864, 866 (8th Cir.1981), *cert. denied sub nom., Stumpff v. United States,* 454 U.S. 1143, 102 S.Ct. 1002, 71 L.Ed.2d 294 (1982); *United States v. One 1981 Datson 280ZX,* 563 F.Supp. 470, 474 (E.D.Pa. 1983) ("In order to challenge a forfeiture, the claimant must own the res.... Courts generally look to indicia of dominion and control such as possession, title and financial stake."). *But see United States v. One 1961 Cadillac Hardtop Automobile,* 207 F.Supp. 693, 698 (E.D.Tenn. 1962) ("[T]he right to intervene in a judicial proceeding for the determination of issues relating to forfeitures for narcotics violations extends to any person or party having a legally recognized interest in the [property seized], whether he is owner or lienholder, and whether that interest is legal or equitable in nature."); *United States v. One 1951 Cadillac Coupe de Ville,* 108 F.Supp. 286 (W.D.Pa.1952) (Chattel mortgagee allowed to file answer to forfeiture action).

est of the lienholder as established through the remission process in the judgment of forfeiture by directing that Goldome Realty be paid its "net equity" in the defendant property (i.e., the unpaid principal due Goldome Realty plus interest up to the date remission was granted) prior to distribution of the proceeds from sale of the property to the Government.

Despite the clear language of *General Finance Corp.*, Goldome Realty argues that a lienholder has standing to challenge a forfeiture under 21 U.S.C. § 881(a)(6). Goldome Realty's contention is that a lienholder should be considered an "owner" for the purposes of § 881(a)(6) in light of the legislative history of the statute.

Indeed, the legislative history of § 881(a)(6) does indicate that Congress intended for the term "owner" in the phrase, "except that no property shall be forfeited ... to the extent of the interest of an [innocent] owner," to be construed broadly enough to include lienholders. The Joint House-Senate Explanation of Senate Amendment regarding § 881(a)(6) states:

> The term "owner" should be broadly interpreted to include any person with a recognizable legal or equitable interest in the property seized.

*See* Congressional Record-Senate, October 7, 1978, page S 17649; Congressional Record-House, October 13, 1978, page H 12792.

The court, in light of the legislative history of § 881(a)(6), must conclude that Goldome Realty, as a lienholder with a security interest in the defendant property, is an "owner" as that term is used in § 881(a)(6), and, therefore, that it has standing to contest this forfeiture action to the extent of its interest in the defendant property. *Accord United States v. One Piece of Real Estate*, 571 F.Supp. 723, 734 (W.D.Tex. 1983) (Recognized that a secured party's remedy is to file a Claim and challenge a forfeiture proceeding under 21 U.S.C. § 881(a)(6));[9] *United States v. Lot 43 in*

*Block 13 of Eastgate Unit No. 1*, No. CV–LV–81–535, HEC (D.Nev. Mar. 29, 1983) (unpublished) (Allowed, without discussion, a secured party to challenge forfeiture of its interest in the seized property).

While historically the exclusive remedy of an innocent lienholder with a secured interest in property forfeited under § 881 and other statutes may have been to petition the Attorney General for return of the property or for a portion of the proceeds from the sale of the property via a petition for remission, *see, e.g., General Finance Corp., supra,* the legislative history behind the 1978 addition of subsection (a)(6) to § 881 indicates that an innocent lienholder no longer has to rely on executive clemency in a § 881(a)(6) forfeiture but may intervene to prevent the forfeiture of its interest. *One Piece of Real Estate, supra,* 571 F.Supp. at 724.

Because a party with standing has filed a timely Claim and Answer, this forfeiture action is not in default with respect to that claimant's interest in the defendant property; the defense of that claimant must be considered.

### 2. *Noncomplying Claimants*

Having previously found that claimants Rowland Lamar Allen and Beulah Allen Powell did not file timely Claims to the defendant property, the court agrees with the Government that these parties have lost their right to contest the condemnation and forfeiture of the defendant property. However, the court does not enter default judgment for the Government as to the property interest which these claimants allegedly held (i.e., declare that interest forfeited to the Government) in light of the lienholder interest which is not in default; the two property interests are so intertwined that the court cannot enter a "default judgment" as to one without effectively entering a forfeiture judgment as to the other. The court prefers to make the

---

**9.** The *One Piece of Real Estate* court even observed that "[t]he Attorney General now rejects petitions for remissions or mitigation filed in [§ 881(a)(6) ] cases as improvidently filed." 571 F.Supp. at 725.

substantive determination of forfeiture separately. *See* discussion *infra*.

## C. *Forfeiture determination under 21 U.S.C. § 881(a)(6)*

■ There being no dispute that Goldome Realty is an innocent lienholder (and by this Order, innocent owner) of the defendant property, and the parties having already briefed the extent to which Goldome Realty's innocent interest is protected in forfeiture, the court goes forward with the determination of whether the defendant property is forfeitable to the United States and, if so, to what extent.

Section 881(a)(6), in pertinent part, provides:

> all proceeds traceable to [an illegal drug transaction] [shall be subject to forfeiture to the United States] ... *except that no property shall be forfeited ... to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.*

21 U.S.C. § 881(a)(6) (Emphasis added). Goldome Realty has stated in effect that it does not oppose a condemnation and forfeiture of the *equitable* interest in the defendant property as long as its lienholder interest is fully protected. The court, then, is confronted with two questions: what is the nonforfeitable interest which Goldome Realty had in the defendant property at the time of the seizure and how can this interest be protected if the remaining ownership interest in the property is forfeited?

Upon considering the arguments presented by both the Government and Goldome Realty, and considering the relevant authority, the court concludes that the nonforfeitable ownership interest[10] which Goldome Realty had in the defendant property at the time of the seizure was the unpaid principal due on the promissory note underlying the security deed plus interest at 8.5% per annum until the principal is paid back. *Accord United States v. Lot 43 in Block 13 of Eastgate Unit No. 1, supra. Contra One Piece of Real Estate, supra,* 571 F.Supp. at 725.[11]

Further, the court concludes that this interest can be protected in forfeiture of the remaining property interest, but only if the Government sells the property subject to the security deed, or, upon selling the property, pays Goldome Realty the balance of the principal due on the promissory note plus interest on that principal up to the date the principal is paid back.

In so concluding the court necessarily rejects the Government's position that Gol-

**10.** Goldome Realty argues that its lienholder interest is nonforfeitable because it was not purchased with proceeds of an illegal drug transaction, pointing out that the alleged drug trafficker acquired only an equitable interest in the property not the fee simple title held by Goldome Realty. Rather than reach this argument, the court prefers to rest on the simpler theory that Goldome Realty's interest is nonforfeitable because of its undisputed *innocence.*

**11.** This court declines to adopt the reasoning of the District Court for the Western District of Texas in *One Piece of Real Estate* regarding the interest of an innocent lienholder which is protected under § 881(a)(6). In that case, the court held that a lienholder is entitled to the remainder of the principal owed and unpaid interest up to the date of seizure, but not interest or other charges that accrue after the date of seizure. 571 F.Supp. at 725. The court reasoned that to allow a lienholder to collect interest which accrues on the principal after the date of seizure would be contrary to the Supreme Court's holding in *United States v. Stowell,* 133

U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555 (1890), that the government's forfeited interest is fixed as of the date of the illegal act. *Id.*

This court does not follow the Texas court, finding that court's application of *Stowell* erroneous. As this court reads *Stowell,* that case does not prohibit allowing an innocent lienholder to recover interest on a loan up to the date the principal is paid off when the secured property is forfeited. The lienholder's *property interest* at the time of the seizure amounts to the unpaid principal and interest on the principal until the principal is fully paid (the "loan interest"); the government's forfeited interest is the equitable interest which remains. Contrary to what the Texas court suggests, the lienholder's *property interest* does not grow at the expense of the government's forfeited interest by allowing the lienholder to recover the *loan interest* to which it was entitled all along. (Perhaps the Texas court confused the distinction between the two types of "interest.")

dome Realty's lienholder interest is protected by paying it its "net equity" (i.e., principal plus interest up to the date remission is granted) as provided in the Code of Federal Regulations. *See* Footnote 5, *supra.* The court does not find that granting to Goldome Realty its "net equity" would adequately protect this innocent lienholder as mandated by § 881(a)(6). To the extent that the Regulations governing remission are applicable,[12]

> [a] regulation, promulgated by an agency, cannot control the interpretation of a statute. Although [this court] may give deference to an agency's construction of a statute, it is the court, and not the agency, that has ultimate responsibility to construe Congress's language.

*United States· v. Sarmiento,* 750 F.2d 1506, at 1507 (11th Cir.1985), citing *Frank Diehl Farms v. Secretary of Labor,* 696 F.2d 1325 (11th Cir.1983). In this case, the court rejects the Government's interpretation of the protection of lienholders afforded by § 881(a)(6), finding it contrary to the language and intent of that statute.

Having determined Goldome Realty's nonforfeitable interest, and the way this interest can be protected, and further assuming the Government still wants the court to order the equitable interest in the defendant property forfeited on the terms set by the court, the court ORDERS that:

a. the equitable interest in the defendant property is condemned and forfeited to the United States of America;

b. the defendant property is to be disposed of by the United States Marshals Service according to law, either selling the property subject to Goldome Realty's security deed or selling the property free of the security deed for a value sufficient to cover the principal and interest due Goldome Realty;

c. the Marshals Service shall recover from the value of the property its costs incurred in this proceeding and

in disposing of the property; if the property is not sold subject to Goldome Realty's security deed, the balance of the proceeds shall be first applied toward payment to Goldome Realty the balance of the principal due on the promissory note underlying the first lien security deed to the defendant property plus interest due on that principal at the time the principal is paid off; the remainder of the funds shall be deposited into the Treasury of the United States in accordance with the policies and procedures established in and for the National Asset Seizure and Forfeiture Program of the Department of Justice.

## CONCLUSION

In sum, the court:

(1) DENIES the Government's motion for default judgment; and

(2) CONDEMNS and FORFEITS the equitable interest in the defendant property to the United States of America; ORDERS the defendant property be disposed of according to law and the proceeds distributed as outlined above.

---

12. The court questions whether the administrative remission process is even applicable to this action considering that the court has determined Goldome Realty's interest *nonforfeitable.* Remission is only applicable to mitigate the harshness caused by forfeiture.