**UNITED STATES of America, Plaintiff,**

v.

**ONE 1982 OLDSMOBILE CUTLASS VI # 1GAM47A4CM453310, Defendant.**

**Civ. No. 87–2297–R.**

United States District Court,
W.D. Oklahoma.

July 21, 1989.

William S. Price, U.S. Atty., Mary M. Smith, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff.

Carole J. Brown, Lawton, Okl., for defendant.

## ORDER

DAVID L. RUSSELL, District Judge.

Before the Court is Plaintiff's motion for reconsideration of this Court's Order of April 4, 1989. 709 F.Supp. 1542. In its motion, Plaintiff requests that this Court dismiss the Claimant–Intervenor's claim on the grounds that the Court lacks jurisdiction under Article III of the United States Constitution "to consider this action." In addition, Plaintiff requests that the Court grant judgment in favor of Plaintiff "for the reason that no entitled claimant has presented evidence that the defendant vehicle is not subject to forfeiture or that a defense to forfeiture exists."

As grounds for its motion Plaintiff asserts that the Court's conclusion that Claimant's claim was not ripe and thus that Claimant lacked standing deprived the Court of jurisdiction over Claimant's claim *ab initio* such that the Court was without authority to determine, as it did, the nature of Claimant's interest in the Defendant vehicle. Citing *Allen v. Wright,* 468 U.S. 737, 751–52, 104 S.Ct. 3315, 3324–25, 82 L.Ed.2d 556, 570 (1984), *Valley Forge College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700, 709

(1982), and a host of other cases explicating the doctrine of standing and the jurisprudential basis therefor, Plaintiff argues:

> By deciding a substantive issue prior to examination of the jurisdictional issue, the court has posed a Damoclean threat to the separation of powers—the court will determine if there has been a substantive due process violation "depending on the outcome of the remission process." The court is in fundamental error in retaining jurisdiction where the "case or controversy" requirement is not met. Further, the court is attempting to circumvent the well-established doctrine that the remission decision is a matter of executive grace, not right, which is nonreviewable by the judicial branch.

> Plaintiff's Brief at pp. 1-2.

In support of its assertion that the Attorney General's decision on a remission petition is not judicially reviewable, Plaintiff cites a host of cases including *United States v. United States Currency in the Amount of $2,857*, 754 F.2d 208, 214 (7th Cir.1985); *United States v. Kravitz*, 738 F.2d 102, 105 (3rd Cir.1984); *One 1977 Volvo 242 DL v. United States*, 650 F.2d 660, 662 (5th Cir.1981); and *Ivers v. United States*, 581 F.2d 1362, 1371 (9th Cir.1978).

Claimant in response states that in essence the Court's Order of April 4, 1989 stated that Claimant had not exhausted its administrative remedies and should do so prior to a decision by this Court on its Constitutionally-based claim. Claimant suggests that there is nothing unusual about this inasmuch as the "normal procedure," *see* Annot., 59 A.L.R. Fed. 765, 770-71 (1982), is for a claimant to pursue the remission procedure first, and if the petition is denied, for the Attorney General to then file a Complaint for judicial forfeiture. Citing *United States v. All That Tract and Parcel of Land*, 602 F.Supp. 307 (N.D.Ga. 1985), Claimant states that it posted the bond necessary to subject the Defendant property to judicial forfeiture proceedings out of concern that pursuit of the remission procedure might constitute an election.

In its Order of April 4, 1989, this Court attempted to navigate between the Scylla of language in *United States v. U.S. Coin and Currency*, 401 U.S. 715, 720-21, 91 S.Ct. 1041, 1044-45, 28 L.Ed.2d 434, 438-39 (1971), suggesting that a statutorily provided adjunctive remission procedure saves a forfeiture statute from constitutional infirmity, and the Charybdis of dicta by the Supreme Court in *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 688-89, 94 S.Ct. 2080, 2094, 40 L.Ed.2d 452, 471-72 (1974) suggesting that deprivation of an innocent owner's property by application of a forfeiture statute would be unconstitutional (as well as this Court's analysis of application of 21 U.S.C. §§ 881(a)(4) in such circumstances).

Plaintiff suggests that in doing so the Court ran aground in two respects. First, Plaintiff contends that by retaining jurisdiction the Court is attempting to do indirectly what it cannot do directly—review the Attorney General's decision on remission or mitigation. The Court observes that numerous cases hold that district courts may not review the Attorney General's decision on a petition for remission but that neither those cases nor Plaintiff have attempted to reconcile their holdings with the United States Supreme Court's statement that "the courts have intervened when the innocent petitioner's protests have gone unheeded [in the administrative remission procedure]." *United States v. U.S. Coin and Currency*, 401 U.S. at 721, 91 S.Ct. at 1045, 28 L.Ed.2d at 439, *citing United States v. Edwards*, 368 F.2d 722 (4th Cir.1966); *Cotonificio Bustese, S.A. v. Morgenthau*, 74 App.D.C. 13, 121 F.2d 884 (1941). Nor do the cases cited by Plaintiff or Plaintiff attempt to deal with the following statement by the Supreme Court to the extent those cases and Plaintiff imply that any action by a district court upon a claimant's claim filed in a judicial forfeiture action following denial of a petition for remission constitutes improper review of the Secretary of Treasury or Attorney General's remission procedure:

> An important justification for delaying the initiation of forfeiture proceedings is to see whether the Secretary's decision on the petition for remission will obviate the need for judicial proceedings.

**1492**

. . . .

In many cases, the Government's entitlement to the property is clear, and the claimant's only prospect for reacquiring the property is that the Secretary will favorably exercise his discretion and allow remission or mitigation. If the Government were forced to initiate judicial proceedings without regard to administrative proceedings, then the claimant would lose this benefit. Further, administrative proceedings are less formal and expensive than judicial proceedings. Given the great percentage of successful petitions, allowing the Government to wait for action on administrative petitions eliminates unnecessary and burdensome court proceedings. Finally, a system whereby the judicial proceeding occurs after administrative action spares both litigants and the Government from the burden of simultaneously participating in two forums.

> *United States v. $8,850, in U.S. Currency,* 461 U.S. 555, 566, 103 S.Ct. 2005, 2013, 76 L.Ed.2d 143, 153 (1983) (footnote omitted).

The Supreme Court apparently contemplated that judicial foreclosure might be necessary following the Secretary's denial of a petition for remission or mitigation and that the claimant might contest forfeiture in the judicial forfeiture proceeding, yet it does not suggest that this would amount to improper judicial review of the Secretary's decision.

On the other hand, because "Constitutional questions are obviously unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions," *Califano v. Sanders,* 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192, 201–2 (1977); the applicable regulations, *see* 21 C.F.R. § 1316.71–1316.81 (1986), as well as the notice sent to Claimant appear to make the remission process entirely optional to Claimant, *accord, United States v. One Tintoretto Painting Entitled "The Holy Family with Saint Catherine and Hon-*

*ored Donor",* 691 F.2d 603, 609 (2nd Cir. 1982); *Noel v. United States,* 16 Cl.Ct. 166 (1989); and the filing of a petition for remission may constitute a binding election to pursue the administrative route rather than a judicial proceeding, *see, e.g., Noel v. United States,* 16 Cl.Ct. at 171; *La Chance v. Drug Enforcement Administration,* 672 F.Supp. 76, 80 (E.D.N.Y.1987), the Court upon reconsideration concludes that it erred in holding that claimant's "claim" for a substantive due process violation absent recognition of an innocent owner's defense was not ripe. *See* Order of April 4, 1989 at p. 25. [709 F.Supp. 1542 at p. 1552.] The Court upon reconsideration agrees with the Second Circuit that this Court's jurisdiction to entertain a Fifth Amendment claim of Constitutional deprivation, and a claimant's standing, cannot be affected by the existence of the administrative remedy of remission where that remedy is optional to the claimant. *See United States v. One Tintoretto Painting,* 691 F.2d at 609. Accordingly, the Court vacates that portion of its Order of April 4, 1989 addressing the issue of whether Claimant's claim is ripe, beginning with the last paragraph on page 23 through page 27 [709 F.Supp. 1542 at pp. 1551–53, 1554] to the subheading "Unreasonable Delay" and all but the first sentence of each of the two paragraphs constituting the "Conclusion" of the Order. Vacating this portion of the Order makes it unnecessary for the Court to address the other issue raised by Plaintiff in its motion for reconsideration.[1] The Court will address the remainder of the issues raised by cross motions for summary judgment in a subsequent Order.

Plaintiff's motion for reconsideration is denied; however, the Court, *sua sponte,* vacates that part of its Order entered April 4, 1989 herein which holds that Claimant's claim based on a Fifth Amendment deprivation of due process is not ripe and that Claimant therefore lacks standing to assert it, as specified herein. In all other respects the Court reaffirms its Order of April 4, 1989. The Court will address the remainder of the issues raised by the pending

---

1. It also eliminates the problem of the timeliness of any petition for remission filed following the Court's Order of April 4, 1989. *See* 21 C.F.R. § 1316.80 (1986).

cross motions for summary judgment in a subsequent Order.

IT IS SO ORDERED.