## BINDING-STEVENS SEED CO. v. LOCAL BUILDING & LOAN ASSOCIATION.

No. 24517.   March 19, 1935.

Rehearing Denied May 28, 1935.

T. D. Evans, for plaintiff in error.

Hunt & Eagleton and Everest, McKenzie & Gibbens, for defendant in error.

CORN, J. For convenience the parties will be referred to herein as they appeared in the trial court, in reverse to the order here.

The facts in this case are as follows: J. J. Fabian owned lot 5 in block 5, Owen addition to the city of Tulsa. On or about April 8, 1922, the said Fabian, joined in by his wife, gave a mortgage to the Local Building & Loan Association on said lot in the sum of $2,000. In August, 1929, the city made a change of grade in front of this property by erecting on its street a viaduct or overpass. No trespass was made on the property nor was any portion of the lot taken. The city built the viaduct or overpass without any condemnation proceedings whatever or determination of damages to the said owner. On January 9, 1931, in case No. 49408, J. J. Fabian brought suit against the city of Tulsa in the district court of Tulsa county for damages to his property by reason of the construction of the viaduct. The plaintiff herein was not made a party to this suit and never appeared therein in that case. In the said suit, on October 28, 1931, J. J. Fabian recovered a judgment against the city of Tulsa for $1,000, and the judgment became final.

On December 12, 1931, in case No. 52036, the plaintiff brought an action against J. J. Fabian, Ethel M. Fabian, his wife, and Frederick A. Camp to foreclose its mortgage to satisfy a balance of $804.85 due on said $2,000 mortgage. On January 16, 1932, Binding-Stevens Seed Company purchased the judgment from J. J. Fabian by assign-

ment in writing and filed the same on that date in the case of Fabian v. City. On February 20, 1932, this action was brought by the plaintiff against the said defendant.

Plaintiff in his petition alleges that by reason of its said mortgage of $2,000 it has a valid lien on the premises and the subject-matter of Fabian v. City to secure its indebtedness, and that said change of grade was to take from plaintiff its security to the extent of $1,000. That plaintiff by reason of its mortgage has an equitable lien on said judgment, which lien is superior to the right of all defendants. That it has a lien on the equity of said judgment and is entitled to have the same applied to the payment of its mortgage.

Plaintiff states that it was a necessary party to the litigation in Fabian v. City. That its mortgage was filed April 13, 1922, and recorded, and that the filing thereof constituted constructive notice to Fabian and Binding-Stevens Seed Company. That by reason thereof Binding-Stevens Seed Company could not take any interest in said judgment superior to plaintiff, and it also asks that the said judgment in the sum of $1,000 be impounded. That plaintiff had an equitable lien thereon for payment of its indebtedness.

The answer of the defendant admits that Fabian is the owner of the said property and that the plaintiff is the holder of the $2,000 mortgage on said property, but stated that the property is reasonably worth the sum of $1,800, an amount sufficient to pay the mortgage to holder against said property. That in the foreclosure action no claim of any kind or nature was made to damages arising from the building of the said viaduct nor to the said $1,000 judgment.

Defendant admits that in August, 1929, said viaduct was built without any legal proceedings whatever, that Fabian knew of the building and construction at the time it was built, and so did the plaintiff. On January 19, 1931, in case No. 49408, Fabian filed action to recover said damages and did not make the Loan Association a party. That the plaintiff had full and complete knowledge of the filing of the suit, and the said plaintiff orally directed said Fabian to take all of said damages to his property as his own, and to conduct suit to collect same if he desired, and that, acting upon this oral authority, the said Fabian did commence suit at his own expense, and that

by reason of the above facts the plaintiff is precluded, estopped, and barred from asserting any right, title, or interest in or to said judgment or proceeds thereof. That on the 16th day of January, 1932, the defendant, Binding-Sevens Seed Company, for a good and valuable consideration, purchased by assignment in writing the said judgment from J. J. Fabian and made a copy of said assignment an exhibit to its answer. That said defendant, at the time of such purchase, had no knowledge or information concerning the $2,000 mortgage of plaintiff, nor of any claim, rights, or demands of plaintiff in or to said judgment. That before buying said judgment, defendant examined the files, appearance docket, judgment docket, and record pertaining to this said case and found no claims of any kind or nature made by plaintiff, and believing there were none, bought the said judgment in good faith and without notice.

The defendant complains that the trial court erred in overruling its demurrer to the petition, its demurrer to the evidence, and in not instructing a verdict in its favor. We do not see any merit in this contention, and hold the question to be determined in this case is whether the plaintiff is entitled to have the $1,000 judgment obtained by J. J. Fabian from the city of Tulsa and assigned to Binding-Stevens Seed Company applied on or to the payment of its mortgage.

The defendant also contends it is an innocent purchaser for value and without notice. To this we cannot agree. The plaintiff's mortgage was placed on record in 1922, J. J. Fabian obtained his judgment in October, 1931, the same was not assigned to the defendant herein until January 16, 1932, and at that time the plaintiff had an action pending foreclosing said mortgage, the same being filed less than two months after the rendition of the said Fabian judgment. We are unable to see where the plaintiff was guilty of negligence or laches to the extent that it waived any right it had to the Fabian judgment and should therefore be estopped from so asserting.

Defendant, Binding-Stevens Seed Company, argues at length that the Fabian claim against the city and the Fabian judgment were a personal claim and a personal action, hence, subject to assignment at will without any restriction and free from any claim or lien of the plaintiff. It also urges that the only relief which a mortgagee might have against a mortgagor for waste of

premises and removing therefrom of minerals and the like is by injunction. But the Constitution of the state of Oklahoma, sections 7, 23, and 24 of article 2, is controlling. The damages to the mortgaged premises were, by the provisions of the Constitution, placed in the identical status as the taking of other property for public purposes, and the general rule applicable to such private claim is in no wise applicable.

Sections 7, 23, and 24 of article 2 of the Constitution of Oklahoma give the same protection to those whose property is "damaged" as to those whose property is "taken."

Damaging land and taking land partake of the same nature under the provisions of our Constitution.

Sections 23 and 24 of article 2 of the Constitution of Oklahoma alike provide:

"No private property shall be taken or damaged," and

"Private property shall not be taken or damaged."

The Supreme Court of Washington had before it a situation quite similar to this case, wherein that court held a lienholder against the property had a lien on the condemnation money superior to that of an assignee of the judgment of award.

The syllabus in that case, Yakima Water, Light & Power Co. v. Hathaway (Wash.) 51 P. 471, says:

"Where land has been appropriated for a right of way, a prior judgment creditor of the owner of the land has a lien on the money awarded superior to that of an assignee of the judgment of award."

The Supreme Court of Kansas likewise holds that an award made in a condemnation proceeding is subject to the lien which was against the property taken. In Chicago, K. & W. Ry. Co. v. Sheldon (Kan.) 35 P. 1105, the third paragraph of the syllabus says:

"When the award is paid into the county treasury, anyone having an interest in the land, or a lien on the same, may, where equity warrants it, resort to the fund awarded for the right of way."

The same general principle is laid down by Nicholson, Eminent Domain (2d Ed.) vol. 1, page 355, as follows:

"It is, however, the law in all the states that when mortgaged property is taken by eminent domain, the mortgagee's rights against the land follow the award in equity, and he may, in suitable proceedings, have the mortgage debt satisfied out of that fund

in advance of other creditors of the mortgagor or of an assignee of the award."

The note in 4 Annotated Cases, 944, says:

'The decisions of the various courts appear to be generally in agreement with the rule applied in the reported case, that mortgagee of property taken under condemnation proceedings has a right to the award therefor superior to the right of the mortgagor, and is entitled to have the sum awarded applied in satisfaction of the mortgage debt."

This note cites in support thereof England, Canada, United States, and many of the states.

The judgment of the trial court was substantially as follows: That the plaintiff had a superior equitable lien on the said judgment, which J. J. Fabian obtained against the city of Tulsa in case No. 49408, and that the same should be applied to the payment of the mortgage of plaintiff, and that defendant is the owner, by assignment of said judgment, free and clear of any claim or lien of any other person. The record shows that the judgment against said city of Tulsa has been paid and the money impounded to await the final determination of this court.

Section 7418, C. O. S. 1921 (10951, O. S. 1931), is as follows:

"Order of resort for payment of prior liens. Where one has a lien upon several things, and other persons have subordinate liens upon or interests in some but not all of the same things, the person having the prior lien, if he can do so without the risk of loss to himself, or injustice to other persons, must resort to the property in the following order, on the demand of any party interested:

"First. To the things upon which he has an exclusive lien.

"Second. To the things which are subject to the fewest subordinate liens.

"Third. In like manner inversely to the number of subordinate liens upon the same thing; and,

"Fourth. When several things are within one of the foregoing classes, and subject to the same number of liens, resort must be had:

"(a) To the things which have not been transferred since the prior lien was created.

"(b) To the things which have been so transferred without a valuable consideration; and,

"(c) To the things which have been so transferred for a valuable consideration."

We are of the opinion that the plaintiff should be required to first sell the mortgaged property (if the same has not already been sold) and if the amount received therefrom is not sufficient to pay its judgment in full, including costs and attorney's fees, that as much thereof as is necessary of the $1,-000 impounded, by the city of Tulsa, be paid to plaintiff, Local Building & Loan Association, in satisfaction of its judgment in full, and the balance be paid to the said defendant, Binding-Stevens Seed Company.

With the above directions, the judgment of the trial court is affirmed.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.