In re John William HANING and Christianna Haning, a/k/a Christi Haning, d/b/a Dagwoods, Debtors.

Kenneth L. STAINER, Plaintiff,

v.

BANK OF TULSA, Defendant.

Bankruptcy No. 83–00139.
Adv. No. 83–0448.

United States Bankruptcy Court, N.D.Oklahoma.

Nov. 28, 1983.

Kenneth L. Stainer, Tulsa, Okl., for plaintiff.

Hickman & Hickman by Frank Hickman, Tulsa, Okl., for defendant.

## MEMORANDUM OF DECISION AND ORDER

MICKEY DAN WILSON, Bankruptcy Judge.

Plaintiff Kenneth L. Stainer, trustee, objects to a claim by defendant Bank of Tulsa of a perfected security interest in a trailer. The issue is whether the proper mode of perfection is by filing a financing statement with a County Clerk, or by filing a lien entry form with the Oklahoma Tax Commission. After complaint and answer, the matter comes before this Court on the parties' submission of the case for decision upon stipulation and briefs.

### FINDINGS OF FACT

On February 8, 1983, a voluntary petition for relief under 11 U.S.C. Chapter 7 was filed in this Court by John William Haning and Christianna Haning a/k/a Christi Haning d/b/a Dagwood's ("debtors"). Kenneth L. Stainer was appointed interim trustee, and thereafter was confirmed as trustee; and has continued in that capacity to the present time.

On the date of filing in bankruptcy, debtors owned a chattel which is the subject of this action, described as one (1) 1982 Carri-Lite Travel Trailer or Camper, Serial No. 1eT32CBL9B1001107, Oklahoma License No. F–80–391 ("the trailer"). After filing in bankruptcy, debtors delivered possession of the trailer to plaintiff, who has continued in possession thereof to the present time.

On February 28, 1983, defendant filed in this Court its secured claim against debtors' bankruptcy estate in the amount of $45,-392.59; and asserted a prior and perfected security interest in, among other things, the trailer. The debt and security interest are evidenced by a note and written security agreement, both dated December 8, 1982, and signed by debtor John W. Haning.

Defendant had filed a financing statement or "UCC–1" form describing the trailer, with the County Clerk of Oklahoma County, Oklahoma, on April 28, 1982, and with the County Clerk of Tulsa County, Oklahoma, on April 29, 1982. Defendant has never delivered any lien entry form concerning the trailer to the Oklahoma Tax Commission or to any of its motor license agents.

On May 16, 1983, plaintiff filed his complaint herein, objecting to defendant's claim of a perfected interest in the trailer; asserting plaintiff's prior interest on behalf of the bankruptcy estate, pursuant to 11 U.S.C. §§ 541, 544 and 546; and seeking disallowance of defendant's claim as to this vehicle save as an unsecured claim against the bankruptcy estate, and authority to sell the trailer on behalf of said estate free and clear of the bank's claimed security interest therein. On May 24, 1983, defendant made answer, denying that its security interest was unperfected. On August 16, 1983, at pre-trial conference, it was determined that the parties would submit the case for decision upon stipulation and briefs. Such submission of the case has been completed.

As is recited in the stipulation, the trailer is 23 feet long and 8 feet wide; is "self-contained"; has a bathtub, toilet and lavatory in the left rear corner; has 2 × 7.5-gallon propane tanks; has a 30-gallon water tank; has a 15-gallon holding tank; has a refrigerator capable of operating on either gas or electric power; has a propane cook stove; has a hot water heater with a 5-gallon tank;

has an air conditioner mounted on top; has bunk beds, and sleeps 6 people; has closet and storage space; and is equipped with a hitch package and with 4 mounted jacks.

Attached to, and included in, the stipulation are two photographs; which are 3″ × 3¼″ Polaroid color prints, one of the exterior and one of the interior of the trailer; and which "reflect the true and correct features of said trailer", which are as follows: the trailer is a box, very nearly square in section, which has been constructed, and not grown, hewn, or otherwise organically derived; has a triangular hitch on the front; has rubber-tired wheels, clearly observed to be upon the left side, and fairly inferred to be upon the right side, which are provided for as an integral part of the trailer's design and assembly, and on which the trailer's chassis rests clear of the ground; has no foundation, no visible support blocks or other means of support except its wheels and a prop under the hitch, no skirts, and no visible attachments to the substratum; and has a hollow interior furnished with drapes, with padded seats obviously designed primarily to bear the sitting parts of persons, and with cabinets obviously designed primarily to contain miscellaneous articles of personal property.

## CONCLUSIONS OF LAW

This court has jurisdiction of the subject matter and of the parties. The matter is properly before this Court upon the parties' submission of the case for decision upon stipulation and briefs.

There is no issue as to the debt, or the amount of the claim, or the validity of the security agreement, or the inclusion of this trailer under the terms of the security agreement, or the effect of any failure to perfect as against a bankruptcy trustee.

The issue framed in the parties' stipulation is, "Did the filing of a Financing Statement UCC–1 form containing a description of the trailer described above with the County Clerk of Oklahoma County and Tulsa County, State of Oklahoma, perfect the defendant's secured interest in said trailer as required by the Statutes of the State of Oklahoma on the date of such filings which were April 28, and April 29, 1982?". Such filing of a financing statement with a County Clerk is directed for perfection as to certain chattels by 12A O.S.A. § 9–302, 1983–84 pocket part and related provisions of the Oklahoma (Uniform) Commercial Code. Plaintiff contends that defendant should have filed a lien entry form with the Oklahoma Tax Commission or its agents, and that no other act can suffice for perfection, pursuant to the Certificate of Title provisions of the Oklahoma Motor Vehicle Act, 47 O.S.A. §§ 22 and 23.1, 1983–84 pocket part.

The Motor Vehicle Act has been in effect at least since January 1, 1981, and in substantial part since July 1, 1979, and was in full force and effect when defendant made its attempts at perfection in April, 1982.

There is no conflict between the Commercial Code and the Certificate of Title provisions of the Motor Vehicle Act. 12A O.S. § 9–302 itself provides that

"(3) The filing of a financing statement otherwise required by this Article *is not . . . effective* to perfect a security interest in property subject to:

\*　　\*　　\*　　\*　　\*　　\*

(b) a statute of this state which provides for central filing of, or which requires indication or delivery for indication on a certificate of title of, such security interests in such property . . .

\*　　\*　　\*　　\*　　\*　　\*

"(4) Compliance with a statute . . . described in subsection (3) of this section is equivalent to the filing of a financing statement under this Article, and a security interest in property subject to the statute . . . can be perfected *only* by compliance therewith except as provided in Section 7 of this act on multiple state transactions . . ." (emphasis added).

Such a statute is the Certificate of Title part of the Motor Vehicle Act, of which 47 O.S. § 23.2b provides that

"A. 1. . . . a security interest . . . in a *vehicle* as to which a certificate of title may be properly issued by the Tax Com-

mission shall be perfected only when a lien entry form . . . and the existing certificate of title, if any, or application for a certificate of title . . . are delivered to the Oklahoma Tax Commission or one of its motor license agents. . . The filing provisions of Title 12A of the Oklahoma Statutes, including, but not limited to, Section 9–302, *shall not be applicable* to perfection of security interests in *vehicles* as to which a certificate of title may be properly issued by the Tax Commission. . ." (emphasis added).

Thus, the lien entry form requirement of the Certificate of Title provisions is an exception to the financial statement requirement of the Commercial Code, as is provided in both statutes.

■ Defendant contends that this trailer is not a "vehicle".

The definition of "vehicle" for purposes of 47 O.S. § 23.2b(A)(1) is provided by 47 § 23.1, as follows:

"Vehicle. Every device in, upon, or by which any person or property is or may be transported or drawn, except devices moved by human or animal power, when not used upon stationary rails or tracks."

This trailer is a thing made, not just for esthetic purposes, but to do something, and is therefore a device, *The American Heritage Dictionary of the English Language,* Houghton Mifflin Company, 1976; *The Random House College Dictionary (Revised Edition),* Random House, Inc., 1975. It is not fixed to the ground; it has wheels, which are a notorious incitement to mobility, and a hitch, which permits the indirect application of power to those wheels; it is clearly designed to contain persons, property, or both; and therefore it appears that such persons or property may be transported or drawn in, upon, or by it. (It might be pointed out that, by this device, this device itself may be transported or drawn.) Its hitch is clearly not designed as a handle or a yoke; it is for the attachment of another device, an automobile, by whose non-human, non-animal power the trailer is moved. Its rubber-tired wheels are singularly ill-suited for use upon stationary rails or tracks. In short, this trailer is patently a "vehicle" as defined by 47 O.S. § 23.1, and therefore it is also a "vehicle" for purposes of 47 O.S. § 23.2b(A)(1).

Reference is made to §§ 22.3(A) and 22.-4–3 of the License and Registration part of the Motor Vehicle Act, which requires registration of, and payment of license fees for, all "vehicles" not exempted from such requirement by the Act. The definition of "vehicle" for purposes of § 22 and its various subsections is provided by § 22.1(36), which is identical to the definition given by § 23.1, which has already been determined to apply to this trailer. Section 22.5n sets forth license fees for "travel trailers", which are defined by § 22.1(31) as follows:

"31. 'Travel trailer' means any vehicular portable structure built on a chassis, used as a temporary dwelling for travel, recreational or vacational use, and, when factory-equipped for the road, it shall have a body width not exceeding eight (8) feet and an over-all length not exceeding forty (40) feet, including the hitch or coupling, and shall have a minimum height of five (5) feet when traveling on the highway . . ."

It is apparent that this trailer is a "vehicular portable structure built on a chassis"; is furnished for use as a temporary dwelling (with toilet facilities, beds, refrigerator, stove, and closet space); and is not more than 8 feet wide nor more than 40 feet long (being just 8 feet wide by 23 feet long). The height of the trailer is not stipulated to; but it is very nearly square in section, and since it is 8 feet wide must be very nearly 8 feet high, and is certainly more than 5 feet from wheels to roof. Therefore, this vehicle is a "travel trailer" within §§ 22.1(31) and 22.5n, and as such is specifically *included* in the ordinary licensing and registration requirements of § 22.

It follows that this vehicle is one "as to which a certificate of title may be properly issued by the Tax Commission," as per § 23.2b(A)(1). See also *In re Ramco Well Service, Inc.: Chase Manhattan Bank v. Ramco Well Service, Inc.,* and *In re Ramco Equipment, Ltd.: Chase Manhattan Bank*

*v. Ramco Equipment, Ltd.,* 32 B.R. 525 (Bkrtcy.W.D.Okla.1983); and "Four Laws in Thirteen Months: Perfecting a Security Interest in Oklahoma Vehicles", 14 Tulsa L.J. 770, n. 2 (1979).

Defendant contends that the lien entry form requirement of § 23.2b(A)(1) is not exclusive.

But in the face of the plain language of both 47 O.S. § 23.2b(A)(1) of the Certificate of Title provisions, and 12A O.S. § 9–302(3)(b) and (4) of the Commercial Code, quoted and emphasized above, defendant's position is untenable. Indeed, there are specific exceptions provided by both Certificate of Title provisions and Commercial Code—for interstate transactions, 12A § 9–302(4) and 9–103.1; for vehicles held by a dealer for sale or lease, 12A § 9–302(3)(b) and 47 O.S. § 23.2b(A)(1); for special mobilized machinery and road construction and road material construction machinery and vehicles, 47 O.S. § 23.2b(A)(1); for security interests properly perfected prior to July 1, 1979, 47 O.S. § 23.2b(A)(1) and (D). But defendant does not contend that this security interest in this trailer comes within any of these exceptions. There are other statutes which may supersede the License and Registration or Certificate of Title provisions as to particular types of vehicle, e.g. 63 O.S. Chapter 33 as to boats, and 49 U.S.C. § 1403 as to aircraft. But whatever this trailer is, it is not a boat or an airplane. For the rest, the Certificate of Title provisions require filing a lien entry form as the exclusive means of perfection of a security interest in any "vehicle as to which a certificate of title may be properly issued by the Tax Commission," 47 O.S. § 23.2b(A)(1). See *In re Hembree,* 635 P.2d 601, 603 (S.C. Ok.1981).

Defendant's arguments to the contrary are without merit. Defendant urges that this trailer is *not* a semipermanent "house trailer"; but this proves rather too much. Cases from other jurisdictions are neither controlling nor much persuasive where the question involves the terms of a local statute. Whether this trailer is or is not a "*motor* vehicle" is immaterial, for 47 O.S.

§ 23.2b(A)(1) concerns all "*vehicles*", with or without motors, not otherwise excepted. Defendant proposes that the statutory definition of "vehicle" may not encompass trailers unless the very word "trailer" is used therein; and further proposes that the very word "trailer" is used therein; and further proposes that the very word "trailer" is required to be used in the *title* of the Motor Vehicle Act, by Art. 5, Sec. 57 of the Oklahoma Constitution. This court knows neither reason nor authority for so extraordinary a "rule" of statutory construction. As for Art. 5, Sec. 57 of the Oklahoma Constitution, it requires that every legislative enactment "embrace *but one subject,* which shall be clearly expressed in its title" (emphasis added). The title of the Motor Vehicle Act clearly states that it is "An Act Relating to Motor Vehicles ... [and] Providing Procedures for Perfection of Certain Security Interest Liens in Certain *Vehicles*" (emphasis added), Session Laws of Oklahoma, 1979, 37th Leg.Ch. 292. Defendant apparently contends that motor vehicles and other vehicles cannot be taken as "a single subject" by a single act. But the connection between them is as plain as the hitch on this trailer.

■ This Court concludes that this trailer is subject to the provisions of the Oklahoma Motor Vehicle License and Registration and Certificate of Title Acts, and in particular to 47 O.S. 1983 Supp. § 23.2b(A)(1); that pursuant thereto, perfection of a security interest in said trailer can be obtained only by filing a lien entry form with the Oklahoma Tax Commission or one of its motor license agents; that the defendant's acts of filing financing statements with County Clerks pursuant to inapplicable provisions of the Oklahoma (Uniform) Commercial Code, were wholly ineffective to perfect its security interest in said trailer; and that such unperfected interest is inferior to the interest of the plaintiff. This court further concludes and directs that the defendant's secured claim as to this trailer be disallowed, and that the plaintiff may sell said trailer, free and clear of any security interest claimed therein by defendant.

This memorandum of decision and order shall constitute findings of fact and conclusions of law as mandated by Bankruptcy Rule 7052.

A separate judgment will be entered accordingly.

AND IT IS SO ORDERED.